# FUENTES v. STATE OF FLORIDA

## Case No. 81-156-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

June 18, 1984

### APPEARANCES OF COUNSEL

**Anthony J. Scremin,** for appellant.

**Jim Smith,** Attorney General, and **Diane E. Leeds,** Assistant Attorney General, for appellee.

Before SALMON, LANTZ, STONE, JJ.

### OPINION OF THE COURT

SALMON, Judge.

The appellant was charged with issuing a worthless check. After pleading not guilty, she filed a sworn motion to dismiss pursuant to Rule 3.190(c)(4). Attached to that motion was a purported copy of a letter (the "Copy") she wrote to a collection agency in which she stated that she was sending a partial payment to be applied to a list of

returned checks, one which was the check (the "Check") upon which the current charge was based. Accepting the sworn motion as true, the trial judge granted the motion, and dismissed the charge.

By petition for rule to show cause, it was brought to the attention of the trial judge that the Copy was not a true copy of the letter actually sent to the collection agency; the actual letter sent made no mention of the Check, and, therefore, the Copy was not a true copy of the letter actually sent to the collection agency. The trial judge issued a rule to show cause, held a full hearing pursuant to Rule 3.840, and concluded that the act of adding the Check to the list included in the Copy when, in fact, the Check was not included in the original of the letter constituted contempt of Court.*

Much is discussed in the briefs about the difference between direct and indirect contempt. The distinction is not important here, because the Appellant was served with a rule to show cause, she was permitted to enter a plea, she was represented by counsel, a full evidentiary hearing was held, and in our opinion, the Appellant was afforded all her constitutional rights.

The Appellant claims that she was denied her right to counsel at one critical stage of the proceedings. The particular event she refers to was when this Court relinquished jurisdiction to the trial court for entry of an order setting forth certain findings and conclusions made by the trial judge. It is true that the Appellant's attorney was not present at that time, but there was no need that he be. No hearing was required; all that was required was that the trial judge enter a written order setting forth findings and conclusions he had already made.

Our affirmance of the trial judge's order does not prohibit him from mitigating the sentence imposed, nor does it require him to do so.

Affirmed.

STONE and LANTZ, JJ., Concur.

---

* The fact that partial payment was supposedly made of the check upon which the pending case was founded was crucial to the Court's ruling.